IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50991
Summary Calendar

_____

DAVID M. MOORE,

                                        Plaintiff-Appellant,

versus

CITY OF SAN ANTONIO; ET AL.,

                                        Defendants,

CITY OF SAN ANTONIO,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-500
- - - - - - - - - -

July 1, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     David Moore appeals the summary judgment dismissal of his
action against the City of San Antonio ("the City") for its
alleged violation of both his constitutional right to free speech
and a state whistleblower statute.  Moore contends that the
district court erred in denying his motions for extension of time
to respond to the City's summary judgment motion.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Under Fed. R. Civ. P. 6(b), a court may, under certain circumstances, extend the period in which an act is required or allowed to be done.  If an enlargement of time is requested before the expiration of the original period or a previous extension thereof, the court may grant the enlargement "for cause shown."  Fed. R. Civ. P. 6(b)(1).  However, if a motion for extension is filed after the expiration of the specified period, the court may grant the extension only if the failure to act resulted from "excusable neglect."  Fed. R. Civ. P. 6(b)(2).

Moore asserts that he failed to timely file his summary judgment response because his counsel made the tactical decision that Moore should refrain from responding to the City's summary judgment motion until the district court ruled on the City's motion to substitute the cover sheet of its summary judgment motion.  Because Moore has shown neither cause nor excusable neglect for the late filing of his summary judgment response, the district court did not abuse its discretion in denying Moore's motions for extension of time.  See Lujan v. National Wildlife Federation, 497 U.S. 871, 895-97 (1990); Slaughter v. Southern Talc Co., 919 F.2d 304, 308 (5th Cir. 1990).

AFFIRMED.